## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID W. COSGRAY,

      Petitioner,

vs.                                  No. CIV 25-0227 JB/SCY

DEPARTMENT OF CORRECTIONS,
and ATTORNEY GENERAL STATE OF NEW
MEXICO.

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Petitioner's Motion to Dismiss Without Prejudice, filed April 4, 2025 (Doc. 5)("Motion to Dismiss"). David W. Cosgray initiated this case on March 5, 2025, by filing a Petition Under 28 U.S.C. § 2254 (Doc. 1)("Petition"). Along with the Petition, Cosgray filed a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 19, 2025 (Doc. 2)("IFP Motion").

On April 4, 2025, Cosgray files the Motion to Dismiss. Cosgray states that he "respectfully request[s] this Court to please dismiss my Petition for Writ of Habeas Corpus so that I can first file a state habeas corpus in the state district court and exhaust my state remedies first." Motion to Dismiss at 1. The Court construes the Motion to Dismiss as a request for voluntary dismissal under rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a) gives plaintiffs an absolute right to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). <u>See Janssen v. Harris</u>, 321 F.3d 998, 1000 (10th Cir. 2003)(noting that the right to dismiss under rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure is "absolute"). Courts regularly apply rule

41 to habeas corpus proceedings. See DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)(affirming district court's dismissal of habeas petition under Rule 41);[1] Hodge v. Utah, 669 F. App'x 942 (10th Cir. 2016)(affirming district court ruling and noting that the "petitioner doesn't advance any contention of error in the district court's dismissal of his [habeas] case under Rule 41(b)"); Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b)).

The Defendants have not entered an appearance in the case, filed an answer, or filed a summary judgment motion. The Court, therefore, grants the Motion to Dismiss and permits Cosgray to voluntarily dismiss the Petition without prejudice. To the extent necessary, the Court also denies a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1977, as amended to December 1, 2019, because the entitlement to voluntary dismissal is not reasonably debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(concluding that a COA may issue only where reasonable jurists would debate the result); DeAtley v. Williams, 782 F. App'x at 737 (declining

---

[1]DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that DeAtley v. Williams and Hodge v. Utah, 669 F. App'x 942 (10th Cir. 2016), have persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

to issue a COA after the district court dismisses a habeas petition under Rule 41).   The Court also denies as moot the IFP Motion.

**IT IS ORDERED** that (i) the Petitioner's Motion to Dismiss Without Prejudice, filed April 4, 2025 (Doc. 5), is granted; (ii) the Petition Under 28 U.S.C. § 2254, filed March 5, 2025 (Doc. 1), is dismissed without prejudice; (iii) the Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 19, 2025, (Doc. 2) is denied; and (iv) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

David W. Cosgray
Hobbs, New Mexico

    *Plaintiff pro se*

- 3 -